Nora M. Sheridan v. Commissioner.
Sheridan v. Commissioner
Docket No. 56869.
United States Tax Court
T.C. Memo 1958-215; 1958 Tax Ct. Memo LEXIS 10; 17 T.C.M. (CCH) 1069; T.C.M. (RIA) 58215; December 19, 1958
Morton C. Jaquith, Esq., for the petitioner. Raymond T. Mahon, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income tax of $206.31 for 1952 is in controversy. The sole issue is whether respondent properly disallowed the deduction of a claimed rental loss in the amount of $1,022.82. Findings of Fact Some of the facts have been stipulated and are hereby found accordingly. Petitioner is an individual with residence at 73 Front Street, Clinton, Massachusetts. She filed an individual income tax return for the year 1952 with the office of the director of internal revenue at Boston, Massachusetts. During the year 1952 petitioner *11 owned a house and lot at 73 Front Street, Clinton, Massachusetts. Prior to April 1952 this house was occupied as a single-family dwelling. In April 1952 petitioner decided to convert the house into a 2-family dwelling and work was started immediately. Pursuant to this decision petitioner spent the following money in 1952 to convert the house into a 2-family dwelling: Purpose of
Date
Payee
Amount
Expenditure
July 30, 1952
Peter F. McEvilley
$700.00
Plumbing
Sept. 6, 1952
Peter F. McEvilley
150.00
Plumbing
Sept. 6, 1952
Gustave Cipriani
100.00
Electrical Work
Sept. 23, 1952
Gustave Cipriani
234.29
Electrical Work
Oct. 20, 1952
Gustave Cipriani
60.00
Electrical Work
Nov. 3, 1952
Gustave Cipriani
40.00
Electrical Work
Aug. 2, 1952
James Connelly
27.00
Installation of Windows
July 3, 1952
Frank Connelly
600.00
Carpentry
Oct. 1, 1952
Frank Connelly
698.47
Carpentry
Nov. 28, 1952
Frank Connelly
250.00
Carpentry
July 25, 1952
Harry Shaughnessy
125.00
Plumbing
Oct. 16, 1952
Harry Shaughnessy
200.00
Plumbing
Nov. 3, 1952
Harry Shaughnessy
361.07
Plumbing
Aug. 8, 1952
Lowe's Linoleum Shop
279.50
Installation of Floor
July 17, 1952
John J. O'Connor
277.30
Plastering
Oct. 3, 1952
Edward Mortimer
142.00
Painting and Papering
1952
Edward Mortimer
23.00
Painting and Papering
June 16, 1952
John Gibbons
323.30
Installation of Bathroom
1952
John Gibbons
10.00
Installation of Bathroom
1952
Richard E. Philbin & Sons
42.20
Shades for Windows
1952
Hamilton's and Felix's Hardware
Stores
39.58
Supplies
*12 The conversion of petitioner's house into a 2-family dwelling was completed in September 1952. Petitioner rented the apartment to her brother, Austin Sheridan, beginning October 1, 1952 for $10 per month. Petitioner's brother continued to pay rent of $10 per month throughout the remainder of 1952, during the entire year 1953, and up until September 1954. In September 1954 the rent was raised to $30 per month. Prior to the time petitioner rented this apartment to her brother, she did not list the apartment for rental with any real estate agencies, place any "For Rent" signs in the windows of the premises, or place any rental notices in the newspapers. The apartment was never offered for rent to the general public. Petitioner would not have rented the apartment to a stranger for $10 per month. The cost of heating the entire house in 1952 was between $200 and $300. The cost of taxes on the entire house during 1952 was approximately $200. The cost of water for the entire house during 1952 was approximately $20. The size of the apartment occupied by petitioner's brother was approximately one-half of the total size of the house. The cost of insurance in 1952 for that part *13 of the premises occupied by petitioner's brother was approximately $162.25. The total rent received by petitioner from her brother during 1952 totaled $30. At the time petitioner rented the apartment to her brother, she knew that there would be no profit derived from the rental. On her 1952 income tax return petitioner claimed as a deduction for repairs the installation of a sink at a cost of $116.80. This sink is still in the premises. On her 1952 income tax return petitioner claimed as a deduction for repairs the installation of linoleum at a cost of $139.75. This linoleum is still in the premises. On her 1952 income tax return petitioner claimed as a deduction for repairs certain electrical work at a cost of $175.34. This electrical work has not been replaced since it was installed. Opinion The facts are apparently undisputed. From them it appears that it would have been impossible for petitioner to expect to obtain any financial benefit from the transaction whereby she leased an apartment to her brother for $10 a month. We are consequently unable to conclude that this was a transaction entered into for profit, and without that prerequisite no loss is deductible. *14 , affd. (C.A., D.C.) , certiorari denied . See also . "Before a deduction can be taken * * * [under the predecessor of section 23(e)(2)] it must be established that the loss claimed resulted from a transaction entered into for profit. If a taxpayer chooses to pay or contribute money in any transaction, which, under all the circumstances known to him at the time, is a hopeless venture, and from which he has no reasonable expectation of profit, he is not entitled to take the amounts so paid or contributed as a deduction from income for tax purposes. * * * [, certiorari denied " This conclusion makes it unnecessary to comment on the preponderance of capital expenses in the items listed in arriving at the claimed loss. Decision will be entered for the respondent.